# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
*Miami Division*

In re:

**IGLESIA MISIONERA PREGONEROS**
**DE JUSTICIA DE FLORIDA, INC.,**

    Debtors.

_____/

**CASE NO.    11-35355-AJC**

Chapter 11

---

### FIRSTBANK FLORIDA'S MOTION TO DISMISS CASE AS HAVING BEEN FILED IN BAD FAITH;
### FOR RELIEF FROM THE AUTOMATIC STAY;
### *and*
### FOR PROSPECTIVE *IN REM* RELIEF

FirstBank Puerto Rico, a banking institution organized under the laws of the commonwealth of Puerto Rico, successor by merger to FirstBank Florida, formerly known as Unibank, and doing business in Florida as FirstBank Florida ("Firstbank", or the "Bank"), a secured creditor and interested party herein, through undersigned counsel and pursuant to Sections 362 and 1112 of the Bankruptcy Code, 11 U.S.C. §§ 362 and 1112 (generally, the "Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (as to each a "Rule" or together the "Rules"), and Rules 4001-1 and 9013-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (as to each a "Local Rule" or together the "Local Rules") hereby moves the Court for the entry of Order dismissing the instant chapter 11 (the "Case") as having been filed in bad faith, granting relief from the automatic stay in order to pursue its rights relative to the "Property" (defined below) and granting prospective in rem relief (the "Motion"), and in support states:

## BACKGROUND FACTS

1.      Firstbank made a loan to the debtor, Iglesia Misionera Pregoneros De Justicia De Florida, Inc. (the "Debtor") (the "Loan").

2.      In order to secure the Loan, the Debtor gave Firstbank a lien on certain developed property in Miami Dade County, Florida located at 860 S.E. 12th Street, Hialeah, Florida 33010 and legally described as:

> That part of Tract 3-A, less the South 100 feet thereof, of Revised Plat of West Buena Vista, according to the plat thereof as recorded in Plat Book 33, Page(s) 69, Public Records of Miami-Dade County, Florida, formerly known as Lots 14, 15, 16 and 17, in Block 3 of West Buena Vista, according to the plat thereof as recorded in Plat Book 7, Page(s) 6, Public Records of Miami-Dade County, Florida.

(for convenience, the "Property").

3.      The Property is a church.  Upon information and belief, the Property does not conduct any form of business or otherwise generate revenues.  It is financially inert.

4.      The Debtor defaulted on the Loan.

5.      The Bank filed suit to foreclose the Mortgage in which suit remains pending as Case No. 10-52904 CA 27 in the Circuit Court for Miami Dade County (the "Foreclosure" and the "State Court").

6.      Judgment was entered in Firstbank's favor on or about March 16, 2011 (the "Judgment").  The Judgment was also against – without limitation - Reinaldo Medina who guaranteed the Loan.  A true copy of the Judgment is attached as Exhibit A.

7.     The Judgment set the Foreclosure sale of the Property for June 14, 2011 (generally the "Sale").

8.     On June 13, 2011 (the day prior to the Sale), Mr. Medina filed a chapter 7 bankruptcy.  Mr. Medina's bankruptcy remains pending before this Court as Case No. 11-26231.

9.     Although Mr. Medina does not own the Property, the well-timed Suggestion of Bankruptcy filed with the Clerk in the Foreclosure had the intended effect of cancelling the Sale.

10.     Firstbank had the Sale reset (since Mr. Medina didn't own the Property) for September 13, 2011.  At 10:53 on the morning of September 13, 2011, the Debtor filed the instant Case.

11.     The Debtor's schedules reflect little more than ownership of the Property, $1,850 of personal property, and no creditors other than Firstbank.

12.     The Debtor has equity in the Property.

## MOTION TO DISMISS
## (The History Of Bad Faith)

It has long been the law in this district that bad faith cases, such as this one, are dismissed.  See, generally, In re Phoenix Piccadilly, Ltd., 849 F.2d 1393, 1394 (11th Cir.1988 See also In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir.1984).

The requirement of "good faith" or the dismissal of "bad faith" chapter 11 cases is "judge-made" law.  See, Albany Partners, supra ("Chapter 11 does not expressly condition the right to file or maintain a proceeding on the "good faith" of the debtor at the time the proceeding is initiated.  However, Sec. 1112(b) of the Code permits a

bankruptcy court to convert or dismiss a case for "cause".); Cedar Shore Resort v. Mueller, 235 F.3d 375 (8th Cir., 2000) ("The Bankruptcy Code permits a court to dismiss a Chapter 11 petition for "cause." 11 U.S.C. 1112(b). Section 1112(b) does not explicitly require that cases be filed in "good faith," but we have recognized that a bad faith filing can be cause for dismissal."); Carolin Corp. v. Miller, 886 F.2d 693 (4th Cir., 1989) ("A "good faith filing" requirement applicable to Chapter 11 cases is not to be found in the bankruptcy code itself.   Despite the lack of express authorization in the statutes, however, courts presented with the question have uniformly held that, "generally, an implicit prerequisite to the right to file [a Chapter 11 petition] is 'good faith' on the part of the debtor, the absence of which may constitute cause for dismissal...." See also, In re Winshall Settlor's Trust, 758 F.2d 1136, 1137 (6th Cir., 1985). See generally 2 L. King, Collier on Bankruptcy Sec. 301.05, at 301-6 to 301-7 & n. 2a (15th ed. 1979) (discussing cases holding that "the debtor must commence the case in 'good faith' for purposes that reflect the intended policies of the Code," and noting that the " 'good faith' requirement ... arises purely from judicial interpretation").

## The Elements Of Bad Faith

The Eleventh Circuit has been one of the more vocal proponents of the "good faith" requirement.  See, In re State Street Houses, Inc., 356 F.3d 1345 (11th Cir., 2004) ; Phoenix Piccadilly, Ltd., 849 F.2d 1393 (C.A.11 (Fla.), 1988) ; In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir.1984).  In addition, virtually every circuit court who has addressed the issue has held that chapter 11 cases filed in bad faith must be dismissed.

Although there are more similarities than differences, each circuit has articulated its own set of non exclusive factors which may be found to constitute bad faith.  In the Eleventh Circuit - as stated in State Street (citing Phoenix Piccadilly), supra - they are:

> "the factors set forth for a bad faith filing in In re Phoenix Piccadilly, Ltd., 849 F.2d 1393, 1394 (11th Cir.1988):  (1) the debtor has only one asset, the property at issue;  (2) the debtor has few unsecured creditors whose claims are relatively small compared to the claims of the secured creditors;  (3) the debtor has few employees;  (4) the property is subject to a foreclosure action as a result of arrearages on the debt;  (5) the debtor's financial problems essentially are a dispute between the debtor*1347  and the secured creditors which can be resolved in the pending state court action;  and (6) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights.  849 F.2d at 1394-95.  See also In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984)."
> 1.

State Street, 356 F.3d 1345, at 1346.

All of the Piccadilly factors are present in the instant case, to wit:

(1) the Debtor has only one asset, the Property;

(2) the Debtor has no other creditors;

(3) the Debtor has no employees;

(4) the Property is subject to the Foreclosure;

(5) the Debtor's financial problems are a dispute between it and Firstbank which can be resolved in the Foreclosure; and,

(6) the filing of the Case overwhelmingly evidences an intent to delay or frustrate the legitimate efforts of Firstbank to enforce its rights in the Foreclosure.

Clearly, this Case lines up on all fours (or all sixes) with State Street and Piccadilly and this Case was filed in bad faith and must be dismissed.

The Debtor here has equity in the Property.  However, that equity does not transform a bad faith case into a good faith case.  That argument was made and found wanting in <u>Phoenix Piccadilly</u>, where the Court held:

> Because the bankruptcy court found that a bad faith filing had occurred, it properly did not change the consequences of that finding simply because of the debtor's possible equity in the property or potential for successful reorganization. We reject the debtor's argument that the bankruptcy court cannot ever dismiss a case for bad faith if there is equity in the property because the presence of equity indicates the potential for a successful reorganization. Rather, as this Court stated in [In re Natural Land Corp. v. Baker Farms, Inc. (In re Natural Land Corp.), 825 F.2d 296 (11th Cir.1987)] the taint of a petition filed in bad faith must naturally extend to any subsequent reorganization proposal; thus, any proposal submitted by a debtor who filed his petition in bad faith would fail to meet section 1129's good faith requirement.
>
> <u>The possibility of a successful reorganization cannot transform a bad faith filing into one undertaken in good faith.</u>

<u>In re Phoenix Piccadilly, Ltd</u>., 849 F.2d 1393 at 1395 (<u>emphasis added</u>).

## The Policy Behind Bad Faith

The essential policy behind the bad faith doctrine is similar or identical throughout the Circuits.  Generally, the gist is that the filing does not further a cognizable bankruptcy purpose.  For example, in <u>Cedar Shore Resort</u>, <u>supra</u>, the bankruptcy court found that the debtor filed its chapter 11 solely to avoid a shareholder lawsuit.  In confirming the dismissal for bad faith, the Eighth Circuit held that:

> The good faith requirement "is designed to prevent abuse of the bankruptcy process, or the rights of others, involving conduct or situations only peripherally related to the economic interplay between the debtor and the creditor community." L. King, 7 Collier on Bankruptcy, 1112.07[1] (2000) (citations omitted).

<u>Cedar Shore Resort v. Mueller</u>, 235 F.3d 375 at 379 (8th Cir., 2000)

The Ninth Circuit states most simply that:  "The test is whether a debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis."  In re Marsch, In re, 36 F.3d 825 (C.A.9, 1994), citing, In re Arnold, 806 F.2d 937, 939 (9th Cir.1986).  The Third Circuit found that the basis for the good faith analysis was that "A debtor who attempts to garner shelter under the Bankruptcy Code, therefore, must act in conformity with the Code's underlying principles. See In re: SGL Carbon Corporation, 200 F.3d 154 (3rd Cir., 1999) (citing to the Fifth Circuit in Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.), 779 F.2d 1068, 1076 (5th Cir. 1986).

Finally, the Eleventh Circuit holds that in ferreting out bad faith:  the courts may consider any factors which evidence "an intent to abuse the judicial process and the purposes of the reorganization provisions" or, in particular, factors which evidence that the petition was filed "to delay or frustrate the legitimate efforts of secured creditors to enforce their rights."  In re Phoenix Piccadilly, Ltd., 849 F.2d 1393 (11th Cir., 1988)

## The Single Asset Chapter 11 Concept

Dismissal for bad faith has been the law in this (and other) Circuit for decades without serious challenge or question.  However, the Code was amended by the Bankruptcy Reform Act of 1994 (the "BRA") to include Section 362(d)(3) which creates certain new substantive rights (and obligations) for single asset real estate chapter 11 cases ("SARE's").  Put most simply, 362(d)(3) allows SARE's 90 days within which to propose a feasible plan of reorganization or begin making adequate protection payments to its (usually) sole secured creditor – failing which stay relief is granted to the secured creditor automatically.

Since many (actually most) bad faith cases seem to involve single asset real estate cases, it was initially argued that the well established necessity of "good faith" was overruled by the BRA, particularly Section 362(d)(3).  See, In re Jacksonville Riverfront Development, Ltd., 215 B.R. 239, 243 (Bankr.M.D.Fla.1997); In re Villamont-Oxford Associates Limited Partnership, 230 B.R. 457, 463 (Bankr.M.D.Fla.1998).

However, other cases took the opposite view.  See, In re Star Trust, 237 B.R. 827, 833 (Bankr.M.D.Fla.1999) ("[a] review of the development of 'bad faith' as cause for dismissal leads quickly to the conclusion that § 362(d)(3) does not preempt this body of law."); accord, In re Midway Inv., Ltd., 187 B.R. 382, 388 (Bankr. S.D. Fla., 1995) (concluding that "the Bankruptcy Reform Act of 1994 does not limit the Phoenix Piccadilly line of cases" in single asset cases).  Thus the table was set.

It was a one-punch fight.  The Eleventh Circuit completely embraced the latter view.  In a case emanating out of this Court, the Eleventh Circuit ruled that the bad faith rule of Piccadilly survived the enactment of § 362(d)(3), intact.  See, In Re State Street Houses, Inc., 356 F.3d 1345 (11th Cir. 2004).

> We therefore, in order to settle the dispute found in prior bankruptcy court cases, hold that the guidelines set forth by this Court in *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988) and *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984) have not been modified by the Bankruptcy Reform Act of 1994.

In re State Street Houses, Inc., 356 F.3d 1345 (11th Cir., 2004) (emphasis added).

Firstbank would respectfully suggest that the Court is unlikely to see a purer example of a bad faith filing.  The Debtor has no business, no business to reorganize and no business being in bankruptcy.  The Court should dismiss the Case with prejudice.

## **RELIEF FROM STAY**

Alternatively and conjunctively, this Motion seeks relief from the automatic stay in order to allow Firstbank to resume the Foreclosure and conduct the Sale.

As is relevant here, Section 362(d) states:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--

>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

>> (2) with respect to a stay of an act against property under subsection (a) of the section, if -

>>> (A) the debtor does not have an equity in such property; and

>>> (B) such property is not necessary to an effective reorganization

>> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—

>>> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

>>> (B) the debtor has commenced monthly payments that—
>>>> (i) may, in the debtor's sole discretion, notwithstanding section 363 (c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

              (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; or

11 U.S.C. 362(d)

Section 362(d)(1) is intended to "balance the interests of the creditors and the debtor." See, e.g., In Re: Indian Palms Associates, Ltd., (Nantucket Investors V. California Federal Bank), 61 F.3d 197, at (3rd Cir. 1995). While the term "cause" is not defined in 11 U.S.C. §362(d)(1), courts decide whether cause exists to lift the stay on a case-by-case basis. See, In re Murray Industries, Inc., 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990) citing In re McDonald, 75,5 F.2d 715 (9th Cir. 1985). Whether cause exists to grant stay relief is left to the discretion of the court on case by case basis. The court looks to the totality of the circumstances in each particular case when making this determination. See, In re Bryan Road, LLC, 382 B.R. 844 (Bankr. S.D. Fla., 2008). In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997) (See also, In re Emerald Cove Villas, LLC, 2007 Bankr. LEXIS 864, *8 (Bankr. M.D. Fla. Mar. 2, 2007)). The "decision to lift the stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion." In re Dixie Broad., Inc., 871 F.2d at 1026. The balancing here weighs overwhelmingly in Firstbank's favor, and cause exists to lift the stay.

### 362(d)(1) ("Cause")

Cause exists under 362(d)(1) as there is no rational business or bankruptcy objective which might be realized by the Debtor in this Case.

Alternatively, cause exists due to the bad faith filing, as argued above.  The drafters of § 362(d)(1) acknowledged in the statute's legislative history that the stay should be lifted where proceedings should continue in a non-bankruptcy forum:

> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S.REP.NO. 989, 95th Cong., 2d Sess. at 50 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.

### 362(d)(3) ("Single Asset Real Estate Case")[1]

Stay relief is also required under Section 362(d)(3) as the Debtor has not proposed nor paid any adequate protection payments to Firstbank.  Nor would it appear that the Debtor has the ability to do so.  It also defies credulity on these facts that the Debtor will be able to file a feasible plan within 90 days, or ever.

Relief from the stay is fair, equitable, and in the best interest of the parties.

### RELATED RELIEF

In addition to dismissal and stay relief, this Motion seeks prospective in rem relief.  Given that this is the second bankruptcy filed with the obvious purpose of stalling Firstbank's Sale, it seems at least possible, and in fact probable, that there will be a third.  Firstbank seeks an Order directing that any further bankruptcy filings which purport to invoke the automatic stay to stop the Sale of the Property be automatically deemed to NOT invoke the stay and directing that any such Sale is to proceed.

---

[1]    The Debtor chose not to check the box on its petition designating this Case as a SARE case.  While the SARE designation has benefits and burdens to all parties, the argument that 362(d)(3) applies and stay relief is appropriate thereunder is made solely in an abundance of caution.

In addition, assuming that the Court will dismiss this Case, the stay relief sought should be granted as well so that Firstbank can resume the Foreclosure immediately. In the event that the Court grants stay relief, Firstbank requests that the Court avoid the "automatic stay" of Rule 4001(a)(3) and order that the stay relief is effective immediately.

## EQUITABLE CONSIDERATIONS

Granting the relief sought in this Motion is the appropriate and equitable result. The parties are receiving no more, and no less than they bargained for. The Debtor happily took Firstbank's funds in exchange for the Loan which led to the Judgment. Nothing in the facts before the Court – particularly that there are no other creditors to protect - should equitably prevent Firstbank from the benefit of its bargain or protect the Debtor from the consequences of its bargain.

A proposed Order granting this Motion is attached.

## WAIVER OF LOCAL RULES REQUIREMENTS REGARDING STAY RELIEF

Firstbank would respectfully suggest that the local rules requirement of affidavits and documents regarding – generally – the amounts due and the vitality of the mortgagee's lien are unne3cessary on these facts where Firstbank has already obtained its foreclosure Judgment which conclusively determines those issues.

**WHEREFORE**, Firstbank respectfully demands the entry of an Order dismissing this Case with prejudice, granting it complete relief from the automatic stay to pursue its Sale and all related relief, granting prospective *in rem* relief, and for such other and further relief as the Court deems to be just and equitable.

## <u>CERTIFICATES OF COMPLIANCE AND SERVICE</u>

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

**I FURTHER HEREBY CERTIFY** that on this date a true and correct copy of the foregoing was filed electronically and served via CM/ECF on, the US Trustee, and all parties entitled to electronic notice.  The foregoing was also served by Email upon Raymond Beitra, Esq., South Florida Legal Center, 900 West 49th Street, #424, Hialeah, FL  33012 (beitralaw@yahoo.com) and by regular US Mail and Federal Express upon the Debtor at 868 SE 12th Street, Hialeah, FL  33010.

Respectfully submitted,

By:     **/s/ David R. Softness, Esq.**
FBN:  0513229
DAVID R. SOFTNESS, P.A.
Counsel for Firstbank
201 South Biscayne Boulevard, Suite 1740
Miami, Florida  33131
Email  david@softnesslaw.com
Tel:    305-341-3111
Fax:   305-402-0234

# EXHIBIT A

CFN 2011R0178507
OR Bk 27623 Pgs 1729 - 1734; (6pgs)
RECORDED 03/21/2011 12:16:23
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

**DOCUMENT COVER PAGE**

For those documents not providing the **required**
Space on the first page, this cover page describing
The document in sufficient detail to prohibit its
Transference to another document can be attached.
An additional recording fee for this page must be remitted.

**Description of Document**  *Final Judgment*
(Mortgage, Deed, Construction Lien, Etc.)

**Given By**  _____
(Names of All Mortgagors or Grantors)

_____

_____

**To**  _____
(Names of Mortgagees or Grantees)

_____

**Property Description (If Applicable)**  _____

*See Doc.*

_____

_____

As more fully described in above described document.

---

F.S. **695.26 Requirements for recording instruments affecting real property—**
**(Relevant excerpts of statute)**

(1) No instrument by which the title to real property or any interest therein is conveyed, assigned, encumbered, or otherwise disposed of shall be recorded by the clerk of the circuit court unless:

(e) A 3-inch by 3-inch space at the top right-hand corner on the first page and a 1-inch by 3-inch space at the top right-hand corner on each subsequent page are reserved for use by the clerk of the court...

# IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

FIRSTBANK PUERTO RICO, doing
business in Florida as FirstBank Florida,
formerly known as Unibank,

**GENERAL JURISDICTION DIVISION**

**CASE NO.: 10-52904 CA 27**

Plaintiff,

v.

IGLESIA MISIONERA PREGONEROS DE
JUSTICIA *DE FLORIDA*, INC., a Florida
not for profit corporation; REINALDO
MEDINA; MERCEDES MEDINA;
UNKNOWN TENANTS #1-3, the name being
*fictitious to account for parties in possession*
of 868 S.E. 12TH Street, Hialeah, Florida
33010,

Defendants.

_____/

### FINAL JUDGMENT OF FORECLOSURE
(Pursuant to Administrative Order 09-09)

THIS ACTION was heard before the Court on February 4, 2011 to consider the Motion of
FirstBank Puerto Rico, doing business as FirstBank Florida formerly known as Unibank
("FirstBank") for Final Judgment of Foreclosure and for an Award of Attorneys' Fees and Costs
and, the Court having heard argument of counsel, and being otherwise fully advised in the premises,
it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Plaintiff's Motion for Final Judgment of Foreclosure is **GRANTED**. Service of
process has been duly and regularly obtained over Iglesia Misionera Pregoneros De Justicia De
Florida, Inc.; Reinaldo Medina and Mercedes Medina.   Unknown Tenant #1 -3 have been
*voluntarily dismissed without prejudice.*

2.      There is due and owing to the Plaintiff the following:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $ 292,294.61 |
| Late Fees | $     532.64 |
| Negative Escrow Balance | $   1,697.78 |
| Accrued Interest to May 1, 2010 | $   2,049.00 |
| Default Interest @ $146.15 per diem to January 1, 2011 | $  35,806.75 |
| Default Interest from January 1, 2011 to March 11, 2011 | $  10,084.35 |
| SUBTOTAL | $ 346,415.13 |

For the reasons set forth in Paragraph 13, FirstBank's Motion for Award of Attorneys' Fees
and Costs is **GRANTED**.


A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

| Total Attorneys' fees from September, 2010 to present | | $ 6,367.00 |
|---|---|---|
| .40 hrs. @ $395.00 | $ 158.00 | |
| 15.70 hrs. @ $275.00 | $ 4,317.50 | |
| 5.70 hrs. @ $295.00 | $ 1,681.50 | |
| 1.20 hrs. @ $175.00 | $ 210.00 | |
| Total Costs from September, 2010 to Present | | $ 2,688.50 |
| Total Attorneys' Fees and Costs from September, 2010 to Present | | $9,055.50 |
| **GRAND TOTAL** | | **$355,470.63** |

3.    The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal interest rate or the Note rate, whichever is less.

4.    Plaintiff, whose address is 701 Waterford Way, Suite 800, Miami, Florida 33126, holds a lien for the grand total sum specified in Paragraph 2 herein. The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116.   The plaintiffs lien encumbers the subject property located at 860 S.E. 12th Street, Hialeah, Florida 33010 in Miami-Dade County, Florida and described as:

**That part of Tract 3-A, less the South 100 feet therof, of Revised Plat of West Buena Vista, according to the plat thereof as recorded in Plat Book 33, Page(s) 69, Public Records of Miami-Dade County, Florida, formerly known as Lots 14, 15, 16 and 17, in Block 3 of West Buena Vista, according to the plat thereof as recorded in Plat Book 7, Page(s) 6, Public Records of Miami-Dade County, Florida.**

5.    If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _____ CS JUN 1 4 2011 , 20___, to the highest bidder for cash, except as prescribed in Paragraph 7, at:

( ) 140 W. Flagler Street, Suite 908, Miami, Florida at 11:00 a.m.
(✓) www.miamidade.realforeclose.com, the Clerk's website for on-line auctions at 9:00 a.m.

after having first given notice as required by Section 45.031, Florida Statutes. **The clerk shall not conduct the sale in the absence of the plaintiff or its representative.**

6.    The Court finds the Defendant, Iglesia Misionera Pregoneros De Justicia De Florida, Inc. liable for the Grand Total. If the subject property is sold at public sale, as described in Paragraph 5, and the proceeds of such public sale are insufficient to pay Plaintiff's claim, a

2


A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

deficiency judgment shall be entered against Iglesia Misionera Pregoneros De Justicia De Florida, Inc., whose address is 860 S.E. 12th Street, Hialeah, Florida 33010, for the sums remaining unpaid to Plaintiff.

7.    Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale.  If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.  The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording, and certifying the sale and title that shall be be assessed as costs.

8.    If Plaintiff is the purchaser, the Clerk is authorized to issue the Certificate of Title to the plaintiff or plaintiff's assignee as evidenced by an assignment of this final judgment or assignment of bid.

9.    On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying:  first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in Paragraph 3 from this date of the sale; and by retaining any remaining amount pending further Order of this court.  During the sixty (60) days after the Clerk issues the certificate of disbursements, the Clerk shall hold the surplus pending further Order of the Court.

10.    On filing of the Certificate of Sale, the defendants' right of redemption as proscribed by Florida Statutes, Section 45.0315 shall be terminated.

11.    This judgment provides for the right of redemption granted by 26 U.S.C., §7425 and 28 U.S.C., §2410(c).  The United States of America, if a lienholder, shall have the right to exercise its right of redemption pursuant to Title 28, United States Code, Section 2410 (c), within one year from the date of sale.  The United States of America shall not be bound by the sixty (60) day time period imposed by Florida Statute, Section 45.032 upon motions for distribution of surplus proceeds.  The United States of America shall be allowed thirty (30) days in which to deliver a United States Treasury check in payment of the amount determined by the Court to be due and owing Plaintiff if the United States of America is the successful bidder at Plaintiff's foreclosure sale.

12.    On filing of the Certificate of Sale, defendants and all persons claiming under or against defendants since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or 720, Florida Statutes, if any.  Upon filing of the Certificate of Title, the person named in the certificate of title shall be let into possession of the property, subject to the provisions of the "Protecting Tenant At Foreclosure Act of 2009."

13.    Based upon the affidavits presented and upon inquiry of counsel for the plaintiff, the Court finds that the attorneys' fee charged and referenced in Paragraph 3, are appropriate. PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF.  The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985).


A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN CLERK

14.  **NOTICE PURSUANT TO AMENDMENT TO SECTION 45.031, FLA. ST. (2006).**  IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT. I

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF.  YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATIVE AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA, ((305) 375-5943), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION.  IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA (TELEPHONE: 305-579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY (305-576-5733) FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

15.  The sale shall be held in accordance with F.S. 45.031, and, when the clerk files the Certificate of Sale, all persons shall forever be barred and foreclosed of any and all equity or right of redemption in and to the above-described property.  Furthermore, when the clerk files the Certificate of Title as provided by F.S. 45.031, the sale shall stand confirmed, and the purchasers at the sale, their heirs, representatives, successors, or assigns, without delay, shall be let into possession of the premises as conveyed.  The Court shall not issue writs of possession in foreclosure actions involving homestead or non-homestead residential properties without evidence that all parties involved in such action have been properly served, notice of hearing has been provided and a hearing is held before the Court.  Further, the issuance of writs of possession is subject to the provisions of the Protecting Tenant at Foreclosure Act of 2009.



16.    The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

ORDERED at Miami Dade County, Florida, on *March 25*, 2011.

The Honorable Maxine Cohen Lando
Circuit Court Judge

Copies furnished to:

Michele B. Softness, Esq. Isicoff, Ragatz & Koenigsberg, 1200 Brickell Avenue, Suite 1900, Miami, Florida 33131

Law Offices of Peter James Sandberg. 1920 East Hallandale Beach Blvd., Suite 802, Hallandale, Florida 33009

[Fax:Michele B. Softness@305-373-3233]
[Fax:Peter Sandberg@305-863-9296]

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office.
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk

# EXHIBIT B

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE NO.: 10-52904 CA 27

FIRST BANK OF PUERTO RICO, doing
Business in Florida as FirstBank Florida,
formerly know as Unibank,
      Plaintiff,
vs.
IGLESIA MISIONERA PREGONEROS DE
JUSTICIA DE FLORIDA, INC., a Florida
Not for profit corporation; REINALDO
MEDINA; MERCEDES MEDINA;
UNKOWN TENANTS#1-3, the names being
fictitious to account for parties in possession
of 868 S.E. 12th Street, Hialeah, Florida 33010,
      Defendants.
_____/

## SUGGESTION OF BANKRUPTCY

Defendant, Reinaldo Waldo Medina and Mercedes L. Medina, shows that he has

filed a petition for relief under Title 11, United States Code, in the United States Bankruptcy

Court for the Southern District of Florida, that has been assigned case number 11-26231 .

Relief was ordered on ___June 13, 2011___ and suggests that this action has been

stayed by the operation of Title 11 U.S.C. Section 362.

This notice shall not constitute a notice of appearance on behalf of Defendant in the

instant case.  Undersigned counsel solely represents Defendant in the above referenced

Bankruptcy Case.

I HEREBY CERTIFY that on this __13th__ day of June, 2011 a true and correct copy

of the foregoing has been furnished via U.S. mail to: Michele B. Softness, Esquire, Isicoff,

Ragatz & Koenigsberg, 1200 Brickell Avenue, Suite 1900, Miami, FL 33131.

Law Offices of Samir Masri
901 Ponce de Leon Blvd.
Suite 101
Coral Gables, FL 33134
Tel: (305) 445-3422

By: _____
    Samir Masri, Esquire
    FBN: 145513

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*Miami Division*

In re:

**SERENITY COVE RESORT, LLC,**                    **CASE NO.    11-16715-RAM**

      Debtors.                                            Chapter 11
_____/

## ORDER GRANTING FIRSTBANK'S MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

THIS CAUSE came before the Court on _____ , 2011 at __ a/p.m. upon the

Motion ("Motion") filed by FirstBank Puerto Rico, a banking institution organized under

the laws of the commonwealth of Puerto Rico, successor by merger to FirstBank

Florida, formerly known as Unibank, and doing business in Florida as FirstBank Florida

("Firstbank", or the "Bank"), a secured creditor and interested party herein, seeking -

without limitation – dismissal of this bankruptcy as being filed in bad faith and/or relief

from the automatic stay pursuant to Section 362 of the Bankruptcy Code, 11 U.S.C. §§

362 (generally, the "Code"), Rules 2002, 4001, 6007, 9006 and 9014 of the Federal

Rules of Bankruptcy Procedure (as to each a "Rule" or together the "Rules"), and Rules

4001-1 and 9013-1 of the Local Rules for the United States Bankruptcy Court for the

Southern District of Florida (as to each a "Local Rule" or together the "Local Rules") and

this Court's Guidelines for Motion for Relief from the Automatic Stay (the "Guidelines")[1] (generally, the "Motion"), and the Court finding that the Motion was duly and properly served and that sufficient notice was had on all necessary parties, and the Court having considered the Motion and all pleadings filed in opposition or support thereof, having considered the Court's entire file in this Case, having conducted a hearing on the Motion and considered the arguments and proffers of counsel for the parties, the evidence presented, the candor and demeanor of the witnesses, good cause appearing and the Court being fully advised, it is

**ORDERED** and **ADJUDGED** that:

1.     The Motion is granted and this Case is dismissed.

2.     The instant dismissal is with prejudice to the filing of another bankruptcy by this Debtor, in this or any other Court, for one year from the date of this Order.

3.     In accordance with Section 362(d) of the Code, Firstbank is granted complete relief from the automatic say to pursue its Foreclosure and sale and otherwise may proceed to enforce any and all rights that it may have with respect to the Property.

4.     The stay relief shall take effect immediately, and the finds that cause exists to order that the "automatic stay" of Rule 4001(a)(3) shall not apply to this Order and that the stay relief is effective immediately.

---

[1]     All defined terms in the Motion will be used with the same meaning herein unless otherwise indicated.

5.    The Court grants Firstbank prospective in rem relief and orders that any future bankruptcy filing (or this Debtor or any other party) which purports to impose the automatic stay or otherwise impact the Property (described below) shall be of no force and effect, the stay of Section 362 of the Code shall have no force or effect and the Foreclosure and any foreclosure Sale shall proceed as may be scheduled without further Order of this Court.  The Property is in Miami Dade County, Florida located at 860 S.E. 12th Street, Hialeah, Florida 33010 and is legally described as:

> That part of Tract 3-A, less the South 100 feet thereof, of Revised Plat of West Buena Vista, according to the plat thereof as recorded in Plat Book 33, Page(s) 69, Public Records of Miami-Dade County, Florida, formerly known as Lots 14, 15, 16 and 17, in Block 3 of West Buena Vista, according to the plat thereof as recorded in Plat Book 7, Page(s) 6, Public Records of Miami-Dade County, Florida.

*   *   *

Order Submitted by:

David R. Softness, Esq.
DAVID R. SOFTNESS, P.A.
Counsel for Firstbank
201 South Biscayne Boulevard
Suite 1740
Miami, Florida  33131
Email  david@softnesslaw.com
Tel:    305-341-3111

Service:

Attorney David Softness is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service in connection therewith.